Argued Jan. 23, decided Feb. 11, rehearing denied Feb. 25, 1913.

## DARLING *v.* MILES.

(129 Pac. 753.)

**Appeal and Error—Review—Findings of Fact.**

There being any evidence to support them, findings of fact, in an action at law, cannot be reviewed, the credibility of witnesses being for the court, trying the case without a jury.

From Multnomah:    HENRY E. MCGINN, Judge.

Statement by MR. JUSTICE BURNETT.

This is an action by Thomas Darling against S. A. Miles. The essence of the complaint is that the defendant, being the owner of certain lots in Pleasant View, a suburb of the City of Portland, falsely and fraudulently, with intent to cheat the plaintiff, stated to him that one of the lots was of certain dimensions which were greater than the true boundaries of the tract; that the plaintiff, relying upon the truth of what the defendant thus said and believing the same, purchased the ground, and paid for it in cash; and that, by reason of these false and fraudulent representations knowingly made by the defendant and relied upon by the plaintiff, the latter has been damaged in the sum of $400. The material allegations of the complaint having been traversed by the answer, the action was tried by the court without a jury, resulting in findings and judgment for the defendant, from which the plaintiff appeals.      AFFIRMED.

For appellant there was a brief over the names of *Messrs. Chamberlain, Thomas & Kraemer,* and *Mr. Lester W. Humphreys,* with an oral argument by *Mr. Otto J. Kraemer.*

For respondent there was a brief over the names of *Messrs. Murphey, Brodie & Swett,* with an oral argument by *Mr. George A. Brodie.*

MR. JUSTICE BURNETT delivered the opinion of the court.

We glean from the bill of exceptions that the plaintiff put in his case on the testimony without encountering any adverse ruling of the court, whereupon the defendant moved for and obtained findings and judgment in his favor. The case is before us on exceptions to the findings on the ground that here is no evidence to sustain any of them. These findings in an action at law

are tantamount to a verdict of a jury, and we cannot set them aside if after a regular trial there is any evidence to support such a determination of the facts. An examination of the testimony reported in the bill of exceptions convinces us there is evidence on both sides of at least one element of the disputed question of fact, namely, as to whether the defendant made any statement about the dimensions of the tract. It would unnecessarily incumber the reports to go through this testimony in detail and comment upon it. An illustration will be sufficient, based on the feature of the case just mentioned. The court might well have believed that the only representation about the matter was that contained in the deed itself, which makes no mention of the size of the lot, and that, this being in writing, it contained all the inducements held out by the defendant. The judge may also have been influenced by the fact that in all the letters addressed by the plaintiff to the defendant no intimation is conveyed that the latter ever mentioned that subject. Of course, the plaintiff testified that the defendant made such statements, but we cannot instruct the trial judge whom he shall believe on issues of fact, or what weight he shall give to any piece of testimony. If the bill of exceptions had disclosed that there was no testimony to support the finding of the trial judge, we could sustain the contention of the plaintiff, but such is not the situation here.

The judgment is affirmed.                    AFFIRMED.

MR. JUSTICE MOORE did not participate in the decision.